1  ANDREA A. TREECE (CA Bar No. 237639)
   MIYOKO SAKASHITA (CA Bar No. 239639)
2  Center for Biological Diversity
   351 California Street, Suite 600
3  San Francisco, CA 94104
   Telephone: (415) 436-9682
4  Facsimile: (415) 436-9683
   atreece@biologicaldiversity.org
5
   BRENDAN CUMMINGS (CA Bar No. 193952)
6  Center for Biological Diversity
   P.O. Box 549
7  Joshua Tree, CA 92252
   Telephone: (760) 366-2232
8  Facsimile: (760) 366-2669
   bcummings@biologicaldiversity.org
9
   *Attorneys for Plaintiffs*
10
   JOHN C. CRUDEN, Acting Assistant Attorney General
11
   JEAN WILLIAMS, Chief
12 MEREDITH L. FLAX, Trial Attorney
   U.S. Department of Justice
13 Environment & Natural Resources Division
   Wildlife & Marine Resources Section
14 Ben Franklin Station, P.O. Box 7369
   Washington, D.C. 20044-7369
15 Telephone: (202) 305-0404
   Facsimile: (202) 305-0275
16
   *Attorneys for Defendants*
17

18              IN THE UNITED STATES DISTRICT COURT

19              FOR THE NORTHERN DISTRICT OF CALIFORNIA

20 THE CENTER FOR BIOLOGICAL       )
   DIVERSITY, et al.,              )   09-cv-02346-MMC
21                                 )
           Plaintiffs,             )   STIPULATED SETTLEMENT
22                                 )   AGREEMENT AND [PROPOSED]
       vs.                         )   ORDER OF DISMISSAL
23                                 )
   GARY LOCKE, et al.,             )
24                                 )
           Defendants.             )
25 _____)

1    Plaintiffs the Center for Biological Diversity, Oceana, Inc., and Turtle Island Restoration Network (collectively "Plaintiffs"), and Defendants Gary Locke, in his official capacity as Secretary of Commerce, National Marine Fisheries Service ("NMFS"), Ken Salazar, in his official capacity as Secretary of the Interior, and United States Fish and Wildlife Service ("FWS") (collectively "Defendants" or the "Services"), by and through their undersigned counsel, state as follows:

WHEREAS, on July 12, 2007, the Services received a petition seeking recognition of the North Pacific loggerhead sea turtle (*Caretta caretta*) population as a distinct population segment ("DPS") and a change in its listing status from threatened to endangered;

WHEREAS, on November 16, 2007, the Services made a 90-day finding, pursuant to 16 U.S.C. § 1533(b)(3)(A), that the petition presented substantial scientific information indicating that the petitioned action may be warranted, 72 Fed. Reg. 64,585 (Nov. 16, 2007);

WHEREAS, on September 26, 2007, NMFS received a petition to revise the critical habitat designation for the leatherback sea turtle (*Dermochelys coriacea*) to include waters in the Pacific Ocean off the northern California and Oregon coasts;

WHEREAS, on December 28, 2007, NMFS made a 90-day finding, pursuant to 16 U.S.C. § 1533(b)(3)(D)(i), that the petition presented substantial scientific information indicating that the revision may be warranted, 72 Fed. Reg. 73,746 (Dec. 28, 2007);

WHEREAS, on November 15, 2007, the Services received a petition seeking recognition of the Western North Atlantic loggerhead sea turtle population as a DPS and a change in its listing status from threatened to endangered;

WHEREAS, on March 5, 2008, the Services made a 90-day finding, pursuant to 16 U.S.C. § 1533(b)(3)(A), that the petition presented substantial scientific information indicating that the petitioned action may be warranted, 73 Fed. Reg. 11,849 (Mar. 5,

2008);

WHEREAS, on March 12, 2009, Plaintiffs sent a 60-day Notice of Intent to Sue letter to Defendants regarding their alleged failure to make 12-month findings on all three petitions;

WHEREAS, on May 28, 2009, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief pursuant to section 11 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1540, seeking to compel the Services to complete the 12-month findings;

WHEREAS, Plaintiffs and Defendants, through their authorized representatives and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint;

WHEREAS, Plaintiffs and Defendants agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. NMFS shall submit to the Federal Register a 12-month finding, pursuant to 16 U.S.C. § 1533(b)(3)(D)(ii), as to how it intends to proceed with the requested revision of critical habitat for the leatherback sea turtle, on or before December 4, 2009.

2. The Services shall submit to the Federal Register a 12-month finding, pursuant to 16 U.S.C. § 1533(b)(3)(B), regarding the requested recognition of the North Pacific and Western North Atlantic loggerhead populations as DPSs and, if appropriate, as to whether the status of the DPSs should be changed from threatened to endangered, on or before February 19, 2010.

3. Either party may seek to modify the deadlines for the actions specified in Paragraphs 1 and 2, above, for good cause shown consistent with the Federal Rules of

Civil Procedure.  In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 4.

4. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadlines for the actions specified in Paragraphs 1 and 2, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement, shall provide the other party with written notice of the claim.  The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before pursuing relief from the Court.  If the parties are unable to resolve the claim after conferring, either party may pursue relief from the Court.

5. In the event that Defendants fail to meet a deadline and have not sought to modify it,  Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement.  This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.  However, this Agreement does not affect the availability of remedies, including contempt, should the Defendants fail to comply with court orders issued, subsequent to missed deadlines, by the Court regarding the schedule of events to which the parties have agreed.

6. This Agreement only requires Defendants to take action by the deadlines specified herein and does not limit the Service's authority with regard to the substantive outcome of any determination.  To challenge any final rule issued in accordance with this

Agreement, Plaintiffs will be required to file a separate action.

7. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for making a determination pursuant to 16 U.S.C. § 1533 in any other proceeding regarding the Services' implementation of the ESA.

8. Defendants agree to pay Plaintiffs an award of reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g). Therefore, Defendants agree to settle all of Plaintiffs' claims for costs and attorneys' fees in the above-captioned litigation for a total of $18,000.00. A check will be made payable in that amount to Plaintiffs' undersigned counsel, Center for Biological Diversity, 351 California Street, Suite 600, San Francisco, CA 94104. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this stipulation.

9. Plaintiffs agree to accept payment of $18,000.00 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiffs are entitled in the above-captioned litigation, through and including the date of this agreement. Plaintiffs agree that receipt of this payment from Defendants shall operate as a release of Plaintiffs' claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

10. The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the underlying schedules outlined in Paragraphs 1 and 2, or for any other unforseen continuation of this action.

11. By this agreement, Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rate, in any future

litigation, or continuation of the present action. Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

12. No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in developing the findings required herein, or as to the substance of the findings.

13. No provision of this Agreement shall be interpreted as, or shall constitute, a commitment or requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

14. The undersigned representatives of each party certify that they are fully authorized by the party they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein. None of the provisions or obligations of this Settlement Agreement shall become binding and effective unless and until the Court enters an Order approving the terms of this Settlement Agreement. The Effective Date of this Agreement shall be the date the Court enters the Order.

15. The terms of this Agreement constitute the entire agreement of the Parties with regard to Plaintiffs' claims set forth in the above-captioned case, and no statement, agreement or understanding, oral or written, which is not contained herein, shall be recognized or enforced.

16. Upon approval of this Agreement by the Court, Plaintiffs' Complaint shall

be dismissed with prejudice.  Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms.  See <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375 (1994).

Dated: October 8, 2009

                                        Respectfully submitted,

                                      **/s/ Miyoko Sakashita**
(per e-mail authorization to M. Flax on 10-8-09)
ANDREA A. TREECE (CA Bar No. 237639)
MIYOKO SAKASHITA (CA Bar No. 239639)
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 436-9682
Facsimile: (415) 436-9683
atreece@biologicaldiversity.org

BRENDAN CUMMINGS (CA Bar No. 193952)
Center for Biological Diversity
P.O. Box 549
Joshua Tree, CA 92252
Telephone: (760) 366-2232
Facsimile: (760) 366-2669
Bcummings@biologicaldiversity.org

**Attorneys for Plaintiffs**

JOHN C. CRUDEN,
Acting Assistant Attorney General

JEAN E. WILLIAMS,
Chief

                                      **/s/ Meredith L. Flax**
MEREDITH L. FLAX (D.C. Bar No. 468016)
Trial Attorney
U.S. Department of Justice
Wildlife & Marine Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0404
Facsimile: (202) 305-0275
meredith.flax@usdoj.gov

**Attorneys for Defendants**

**<u>ORDER</u>**

The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an ORDER of this Court, and this matter is hereby DISMISSED.

Dated: this __13th__ day of __October__, 2009.


_____
United States District Court Judge